The STATE of Ohio, Appellee,

v.

POWELL, Appellant.

[Cite as *State v. Powell*, 188 Ohio App.3d 232, 2010-Ohio-3247.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2009 CA 72.

Decided July 9, 2010.

Betsy A. Deeds, Assistant Fairborn Prosecuting Attorney, for appellee.

Charles W. Powell, pro se.

---

DONOVAN, Presiding Judge.

{¶ 1} This matter is before the court on the pro se notice of appeal of Charles W. Powell, filed October 2, 2009. On July 21, 2007, Powell, who resided in Florida, was cited by the Fairborn Police Department for obstructing official business, criminal trespass, and voyeurism. Powell pleaded not guilty in Fairborn Municipal Court. On January 22, 2008, Powell filed a "Plea of Not Guilty by

Reason of Insanity, and Suggestion of Incompetency to Stand Trial." Following a psychological examination, the trial court determined Powell competent to stand trial.

{¶ 2} On June 9, 2008, when the matter was set for trial, Powell entered a plea of guilty to the charge of voyeurism, in violation of R.C. 2907.08(A), a misdemeanor of the third degree, in exchange for the dismissal of the remaining charges against him. The following exchange occurred at the hearing after Powell pleaded guilty:

{¶ 3} "THE DEFENDANT: I would like to say, your Honor, I take full responsibility for my actions. I didn't mean to cause any harm. I guess the problem, I'm dealing with it, and I'm taking control of it now. I will continue to treat it.

{¶ 4} "THE COURT: * * * Just so the record is clear, Ms. Deeds, the Assistant Prosecuting Attorney is here. Ms. Deeds, I know that you passed over some information as to definitions for sexual predators, etc.

{¶ 5} "MS. DEEDS: Your Honor, there have been some changes since—I'm not sure when the changes were. They are fairly recent. Generally, I know in the municipal arena, there is not a requirement to register. There hadn't been a requirement to register unless there was a child victim. However, now, this Voyeurism misdemeanor comes under the heading of a Tier I offender.

{¶ 6} "THE COURT: Mr. Barbato, do you agree or disagree with that interpretation?

{¶ 7} "MR. BARBATO: My understanding of the registration requirements are, that it's either under the Tier I statute—or it's either under the Tier I list of offenses or it is not. I don't have the schedule.

{¶ 8} "THE COURT: It is stated as a Tier I. It lists specifically that Section 2907.08, which is the Voyeurism. Have you discussed that with your client at all?

{¶ 9} "MR. BARBATO: No. Maybe while you're reviewing the statute there, I might take a minute to talk to him about that.

{¶ 10} "THE COURT: We'll go off the record for a moment.

{¶ 11} " * * *

{¶ 12} "THE COURT: We're back on the record. Mr. Barbato * * * I know you've had a chance to talk to Mr. Powell. Did that change anything for today?

{¶ 13} "MR. BARBATO: Thank you, you Honor, for giving me that opportunity. Mr. Powell tells me, he is prepared to go forward with his plea.

{¶ 14} "THE COURT: Do you understand, Mr. Powell, you'll be labeled as a sex offender? You would have a duty to register and report to the sheriff of the county where you reside. Do you understand that?

{¶ 15} "THE DEFENDANT: Yes."

{¶ 16} The municipal court sentenced Powell to two years of unsupervised probation and designated him a Tier I sex offender. Powell signed an "Explanation of Duties to Register as a Sex Offender or a Child Victim Offender."

{¶ 17} On March 12, 2009, the court issued an entry terminating Powell's probation.

{¶ 18} On April 28, 2009, Powell filed a pro se "Petition for Relief of Sexual Offender Classification." On June 17, 2009, Powell filed an "Addendum to 1st Petition," also pro se, that is further entitled, "Motion for Post–Conviction Relief," in which Powell asserted among other things that he received ineffective assistance of counsel and that he was not subject to the classification and registration requirements of Senate Bill 10 ("S.B. 10"). According to Powell, a violation of R.C. 2907.08(A) was a "registration-exempt sexually oriented offense prior to S.B. 10." On July 10, 2009, the trial court issued a judgment entry deeming Powell's filings to be "a request to vacate defendant's plea," and a hearing was held on August 4, 2009.

{¶ 19} At the hearing, Powell was represented by new counsel, and he argued that he received ineffective assistance of counsel at his plea hearing.[1] Powell gave the following testimony:

{¶ 20} "A. * * * Rion, Rion and Rion told me from day one that all my charges were misdemeanors and * * * it would be my first conviction, the only thing I would probably get is Probation and a fine. I came here for the initial plea, and I believe it was Keri who was here, and she told me that the Prosecutor agreed to drop Voyeurism if I pled to Obstruction of Justice (sic) and Criminal Trespass. She also told me that because all of them are misdemeanors and it can't get any worse, she recommended me to keep on going, to try to get a dismissal on some type of mental health docket. So, because she is my attorney, I said, Okay.

{¶ 21} "Then, I came back up here * * * I believe it was January 22nd for another hearing. And this time * * * nobody showed up. Me and my wife were standing out here for about two hours, and somebody came up to us and said we can go home because Rion, Rion and Rion filed some kind of document. So, me and my wife was leaving, and I called Rion, Rion and Rion up to ask them what

---

1. Among other things, counsel for Powell argued that Powell never received a sentencing entry from counsel, and he was accordingly unaware of his appellate rights.

was going on, and they said they filed some kind of paperwork so I could take a psychological evaluation, to see if I have some kind of sexual addiction. And I said, Okay, because they was doing it to see if I could get a mental docket and try to get the charges dismissed. And I said, Okay.

{¶ 22} "But when I came back over to take the psychological evaluation, the doctor told me I was there to see if I was competent to stand trial, which, to me, didn't make any sense. I thought they were my attorneys. I thought maybe it is proper procedure. I didn't know.

{¶ 23} "So the third time we came up here, it was Matt Barbato, and I was talking to him in the lobby and just briefly going over my case. He didn't know anything about it. He told me the same thing. They are all misdemeanors; I'll probably get Probation and a fine. It is my first conviction; I'll probably get Probation and a fine.

{¶ 24} "Then, he came to me and said the Prosecutor said she agreed for Voyeurism and she would drop the other two charges. I asked him, What would happen. He said probably just Probation and a fine. I could live with that, if that was the only case. But we came in here and I pled to the charges, and that's when the Judge told me I have to register as a sex offender.

{¶ 25} "Now, Rion, Rion and Rion were my attorneys for 11 months. That was the first time I even heard about this. I'm not originally from Ohio, so I'm thinking, if I pay an attorney, they should tell me everything about my case. I'm from Florida. * * *

{¶ 26} "So, I was devastated when the Judge said I had to register as a sex offender, because I couldn't believe it. At the end, Matt Barbato, he told me, It's still a misdemeanor. After I do my probation, I can wait a year and have everything cleared. At that time, I'm thinking, Okay, maybe a year, year and a half, I could probably deal with that. So I went back home.

{¶ 27} "After I start doing my own research, I found out, no, you got to wait 15 years. That is something totally different than waiting a year. Throughout the whole entire case, for the whole 11 months, through my own research, a lot of things Rion, Rion and Rion didn't tell me that they should have. There's a lot of things that, from the initial plea, I would have took the initial plea if they would have told me, If you take Voyeurism, you have to register as a sex offender. That is something totally different than Probation and paying a fine.

{¶ 28} "The military said, okay, they agreed, it's only a misdemeanor, you can keep your military career. But when I had to register as a sex offender, they was like, No, we can't have officers on the sex offender registry. So I got discharged from the military * * * I come here and I have people coming up to me thinking I'm a rapist, and that's not the case. I would never hurt anybody.

And from somebody thinking I'm a rapist, I mean that really affected me and that hurt me a lot."

{¶ 29} On August 12, 2009, Powell filed a "Memorandum in Support of Motion to Vacate Judgment (re transcript of 6/9/08)," and the state filed memorandum contra. Powell filed a second memorandum on August 14.

{¶ 30} On August 31, 2009, the trial court issued a judgment entry overruling Powell's request to vacate his plea. The court determined in part:

{¶ 31} "Defendant argues that he was not properly represented and that his counsel was ineffective. Defendant does acknowledge that a conviction for the offense of voyeurism does require registering as a sex offender for 15 years. However, he argues that he did not know that at the time of pleading and sentencing due to ineffective counsel.

{¶ 32} "The Court notes that prior to the acceptance of defendant's guilty plea, the Court inquired of the defendant as to whether he was satisfied with his attorney's advice and the defendant indicated, 'yes.' The Court further inquired as to whether defendant understood that by pleading guilty it was a complete admission of guilt to the charge. Defendant again stated, 'yes.' The Court acknowledges that prior to the plea it did not advise the defendant of the labeling of defendant as a sexual offender or of his duty to register. However, during the sentencing portion that was discussed and the Court allowed defendant extra time to talk with his attorney while the court also reviewed the new requirements. Upon returning to the courtroom, defendant's counsel thanked the Court for giving him the opportunity to discuss the matter with his client and informed the Court that defendant wished to go forward with his plea. The Court specifically asked the defendant, 'Do you understand, Mr. Powell, you will be labeled as a sex offender? You would have a duty to register and report to the sheriff of the county where you reside. Do you understand that?' And the defendant replied, 'yes.' Also, the same day defendant signed a form entitled 'Explanation of Duties to Register as a Sex Offender or Child Victim Offender, Duties commencing on or after January 1, 2008.' This form specifically explained that defendant would be labeled as a Tier I sex offender, a fact which the Court also advised defendant. * * * Defendant signed and dated the form June 9, 2008. Taking in tandem all notice requirements signed by defendant on the day of sentencing as well as the Court allowing defendant time to talk to his counsel about the sex offender status, the Court finds the defendant has not met his burden of establishing manifest injustice."

{¶ 33} Powell asserts one assignment of error as follows:

{¶ 34} "Appellant's conviction for voyeurism included elements of ineffective assistance of counsel, miscarriage of justice, manifest injustice, and bad faith.

Sentenced as sexual offender was in violation of the U.S. Constitution Art. 1, Sec. 9 and 10, the Ohio Constitution, Article III, Sec. 28, and R.C. 2950.011."

{¶ 35} While Powell appeals from the denial of his petition to vacate his plea, he makes other arguments in his brief that are not contained in the above assigned error. For example, in addition to his arguments regarding ineffective assistance of counsel and his improper classification, Powell asserts that the statute prescribing the statute of limitations for a legal-malpractice action is vague and that the victim herein did not have a reasonable expectation of privacy. These arguments are not properly before us.

{¶ 36} "Crim.R. 32.1 states:

{¶ 37} " 'A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.'

{¶ 38} "The distinction between presentence and post-sentence motions to withdraw pleas of guilty or no contest indulges a presumption that post-sentence motions may be motivated by a desire to obtain relief from a sentence the movant believes is unduly harsh and was unexpected. The presumption is nevertheless rebuttable by showing of a manifest injustice affecting the plea. 'A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.' *State v. Hartzell* (Aug. 20, 1999), Montgomery App. No. 17499[, 1999 WL 957746]. The movant has the burden to demonstrate that a manifest injustice occurred." *State v. Brooks,* Montgomery App. No. 23385, 2010-Ohio-1682, 2010 WL 1511492, ¶ 6–8.

{¶ 39} "We review the alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland,* 466 U.S. at 688[, 104 S.Ct. 2052, 80 L.Ed.2d 674]. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. Id. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the

basis of a finding of ineffective assistance of counsel." *State v. Mitchell,* Montgomery App. No. 21957, 2008-Ohio-493, 2008 WL 344149, ¶ 31.

{¶ 40} S.B. 10 amended the sex offender registration and notification requirements set forth in R.C. Chapter 2950, and it became effective January 1, 2008. S.B. 10 implemented a three-tiered system in which a sex offender's classification is determined based upon the offense of conviction. Currently, a " 'Tier I sex offender/child-victim offender' means * * * a sex offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to any of the following sexually oriented offenses: (a) A violation of section * * * 2907.08 * * * of the Revised Code." R.C. 2950.01(E)(1)(a). R.C. 2950.04(A)(2) provides, "Regardless of when the sexually oriented offense was committed, each offender who is convicted of, plead guilty to, has been convicted of, or has pleaded guilty to a sexually oriented offense shall comply with the * * * registration requirements described in divisions (A)(2)(a), (b), (c), (d), and (e) of this section."

{¶ 41} The version of R.C. Chapter 2950.01 in effect at the time of Powell's offense, however, provided:

{¶ 42} " * * * *

{¶ 43} "(D) 'Sexually oriented offense' means any of the following:

{¶ 44} "(1) Any of the following violations or offenses committed by a person eighteen years of age or older:

{¶ 45} " * * * *

{¶ 46} "(e) A violation of section 2907.06 or 2907.08 of the Revised Code when the victim of the offense is eighteen years of age or older, * * *."

{¶ 47} The statute further provided:

{¶ 48} "(P)(1) 'Presumptive registration-exempt sexually oriented offense' means any of the following sexually oriented offenses described in division (P)(1)(a), (b), (c), (d), or (e) of this section, when the offense is committed by a person who previously has not been convicted of, pleaded guilty to, or adjudicated a delinquent child for committing any sexually oriented offense described in division (P)(1)(a), (b), (c), (d), or (e) of this section, any other sexually oriented offense, or any child-victim oriented offense and when the victim or intended victim of the offense is eighteen years of age or older:

{¶ 49} "(a) Any sexually oriented offense listed in division (D)(1)(e) or (D)(2)(f) of this section committed by a person who is eighteen years of age or older * * *."

{¶ 50} Finally, the statute provided:

{¶ 51} "(Q)(1) 'Registration-exempt sexually oriented offense' means any presumptive registration-exempt sexually oriented offense, if a court does not issue an order under section 2950.021 * * * of the Revised Code that removes the presumptive exemption and subjects the offender who was convicted of or pleaded guilty to the offense to registration under section 2950.04 of the Revised Code and all other duties and responsibilities generally imposed under this chapter upon persons who are convicted of or plead guilty to any sexually oriented offense other than a presumption registration-exempt sexually oriented offense * * *."

{¶ 52} R.C. 2950.021, which was repealed by S.B. 10, provided:

{¶ 53} "(A) If an offender is convicted of or pleads guilty to, * * * any presumptive registration-exempt sexually oriented offense, the court that is imposing sentence on the offender for that offense * * * may determine, prior to imposing the sentence or making the disposition, that the offender should be subjected to registration under section 2950.04 of the Revised Code and all other duties and responsibilities generally imposed under this chapter upon persons who are convicted of or plead guilty to any sexually oriented offense other than a presumptive registration-exempt sexually oriented offense * * *.

{¶ 54} "(B) If a court determines under division (A) of this section that an offender who has been convicted of or pleaded guilty to a presumptive registration-exempt sexually oriented offense should be subjected to registration under section 2950.04 of the Revised Code and all other duties and responsibilities generally imposed under this chapter upon persons who are convicted of or plead guilty to any sexually oriented offense other than a presumptive registration-exempt sexually oriented offense * * * all of the following apply:

{¶ 55} "(1) The Court shall issue an order that contains its determination and that removes the presumptive exemption from registration for the sexually oriented offense, shall include the order in the offender's sentence * * * and shall enter the order in the record in the case.

{¶ 56} "(2) Regarding an offender, the presumptive exemption from registration is terminated, and the offender is subject to registration under section R.C. 2950.04 of the Revised Code and all other duties and responsibilities generally imposed under this chapter upon persons who are convicted of or plead guilty to any sexually oriented offense other than a presumptive registration-exempt sexually oriented offense."

{¶ 57} Finally, R.C. 2950.011 provides, "Except as specifically provided to the contrary in sections 2950.02 to 2950.99 of the Revised Code, all references in any of those sections to 'sexually oriented offense' include, in addition to the violations specified in division (A) of section 2950.01 of the Revised Code on and after

January 1, 2008, any sexually oriented offense, as that term was defined in section 2950.01 of the Revised Code prior to January 1, 2008, that was committed prior to that date *and that was not a registration exempt sexually oriented offense,* as that term was defined in that section prior to January 1, 2008." (Emphasis added.)

{¶ 58} Having thoroughly reviewed the record, we conclude that a manifest injustice is shown. Powell testified that this was his first conviction, and the victim herein was not a minor. Powell received ineffective assistance of counsel in that he was not advised that voyeurism was a registration-exempt sexually oriented offense, absent a separate order by the court removing the presumptive exemption. Further, the record is unrebutted that counsel for Powell, who was ill-prepared, misled Powell by advising him that the registration was subject to expungement within a brief period. Finally, the trial court erred in designating Powell a Tier I sex offender subject to registration without first complying with R.C. 2950.021. Accordingly, prejudice is demonstrated. Powell's plea is hereby vacated, and the matter is remanded for proceedings consistent with this opinion.

Judgment accordingly.

FAIN and KLINE, JJ., concur.

ROGER L. KLINE, J., of the Fourth District Court of Appeals, sitting by assignment.