[Cite as *State v. McPhillips*, 2020-Ohio-4641.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-L-015** |
| THOMAS P. MCPHILLIPS, III, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Willoughby Municipal Court, Case No. 2019 TRC 02839.

Judgment: Reversed and remanded.

*Todd D. Cipollo*, Willoughby Hills Prosecutor, 6685 Beta Drive, Willoughby Hills, OH 44143 (For Plaintiff-Appellee).

*Hector G. Martinez, Jr.* and *Leslie S. Johns*, 4230 State Route 306, Suite 240, Willoughby, OH 44094 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Thomas P. McPhillips, III, appeals from the Judgment Entry of the Willoughby Municipal Court, denying his motion to withdraw his guilty plea. For the following reasons, we reverse the decision of the court below and remand for further proceedings consistent with this opinion.

{¶2} On May 27, 2019, McPhillips was issued a ticket, charging him with Driving While Under the Influence of Alcohol, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(a); an Occupant Restraining Devices violation, a minor misdemeanor,

in violation of R.C. 4513.263(B)(1); and Failure to Obey a Traffic Control Device, a minor misdemeanor, in violation of R.C. 4511.12.

{¶3} On July 31, 2019, the prosecutor moved to amend the OVI charge to Having Physical Control of a Motor Vehicle While Under the Influence, a misdemeanor of the first degree, in violation of R.C. 4511.194. On that date, a change of plea hearing was held. After the parties provided consent for the magistrate to hear the matter, the magistrate inquired whether McPhillips objected to the amendment of the charge, to which he responded he did not. After McPhillips stated his plea was "no contest," the magistrate explained that, since there was not an accident, "we expect a guilty plea then." Defense counsel stated "we'll change our plea to guilty then. * * * Tell him that." McPhillips then stated, "Okay. Guilty." The magistrate accepted the plea to Physical Control and the other charges were dismissed. McPhillips was ordered to pay a $475 fine and sentenced to 90 days in jail with 87 days suspended. A Judgment Entry was filed memorializing the foregoing conviction and sentence, which stated, in typed language, "Defendant appeared. Constitutional rights and pleas explained," and contained the plea and statute in handwriting. The sentence was subsequently stayed pending appeal.

{¶4} On September 17, 2019, McPhillips filed a Motion to Withdraw Plea/Vacate Conviction. He argued that trial counsel was not competent and misrepresented the severity of the charge and he was not advised of the effects of his guilty plea.

{¶5} At the hearing on the motion, McPhillips testified that, prior to the plea hearing, he spoke with his counsel, who advised "we can win this case." Counsel advised him that he would "pay a little fine, like a minor traffic ticket, and then it'll end." He asked counsel if the Physical Control would "come off of his record" and counsel indicated, "Yes,

2

it'll come off automatically," which is why McPhillips did not go to trial. He testified he was not advised by counsel that it was a first degree misdemeanor, of possible maximum penalties, or of the difference between a no contest and guilty plea. He further testified that he did not recall the magistrate discussing the level of the offense, potential penalties, rights waived, or the effect of the plea. The court indicated that it had reviewed the recording of the plea hearing and "there's a gap in the recording" with several minutes not accounted for.

{¶6} On January 10, 2020, the trial court issued a Judgment Entry denying the Motion to Withdraw, finding that no manifest injustice had occurred.

{¶7} McPhillips timely appeals and raises the following assignment of error:

{¶8} "The trial court erred when it denied appellant's motion to withdraw plea and vacate conviction."

{¶9} In his sole assignment of error, McPhillips argues the trial court's decision should be reversed as a manifest injustice occurred. He contends that counsel was ineffective by failing to advise him of penalties and provide him with video evidence, and by misleading him about the impact of pleading guilty. He further argues he should have been permitted to withdraw his plea since the record did not indicate he was properly advised of the effect of his guilty plea.

{¶10} Criminal Rule 32.1 provides that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of

3

the syllabus. "This term has been variously defined, but it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." *Id.* at 264; *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 14 ("[a] 'manifest injustice' is a 'clear or openly unjust act'") (citation omitted).

{¶11} "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Smith* at paragraph two of the syllabus.

{¶12} There are two arguments presented in support of a finding that withdrawal of the plea should have been permitted in this case. First, McPhillips contends that counsel was ineffective in representing him in the entry of his guilty plea.

{¶13} This court has stated that, "[i]n the context of a guilty plea, the standard of review for ineffective assistance of counsel is whether: (1) counsel's performance was deficient; and (2) the defendant was prejudiced by the deficient performance in that there is a reasonable probability that, but for counsel's error, the defendant would not have pled guilty." *State v. Hess*, 11th Dist. Portage No. 2018-P-0106, 2019-Ohio-4223, ¶ 46, citing *State v. DelManzo*, 11th Dist. Lake No. 2009-L-167, 2010-Ohio-3555, ¶ 33. However, "[t]he mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea is *not* sufficient to establish the requisite connection between the guilty plea and the ineffective assistance." (Emphasis sic.) (Citation omitted.) *DelManzo* at ¶ 34. "Rather, ineffective assistance of trial counsel is found to have affected the validity of a guilty plea when it precluded a defendant from entering his plea knowingly and voluntarily." (Citation omitted.) *Id.* "The burden of proving ineffective

4

assistance of counsel falls upon the defendant." *Hess* at ¶ 46.

{¶14} McPhillips argues that his counsel's performance was deficient in that he was informed by counsel that it was a minor offense, like a traffic ticket, was not told of potential penalties, he was advised the offense would "automatically" come off of his record, he was not counseled as to the difference between a guilty and no contest plea, and he did not review evidence with counsel prior to entering a plea.

{¶15} As to this contention, McPhillips testified at the motion hearing that the foregoing ineffective representation occurred. The prosecution did not present any testimony or evidence to the contrary and defense counsel did not testify or otherwise indicate that McPhillips' testimony was inaccurate. While we recognize that credibility of witnesses is for the trial court to determine, the entirety of the record before the trial court tends to buttress McPhillips' version of events.

{¶16} Particularly concerning and evident from the face of the record was the manner in which McPhillips entered his plea. When the court advised that it would only accept a guilty plea, rather than a no contest plea, the record demonstrates no discussion between the court or defense counsel and McPhillips regarding the difference between these two types of pleas. Instead, defense counsel immediately instructed McPhillips, without consultation, to enter a no contest plea, stating, "Your honor, we'll change our plea to guilty then. * * * Tell him that." This lack of communication and adequate explanation of an important legal distinction tends to buttress McPhillips' statements that his representation negatively impacted the voluntary nature of his plea. This supports his claims that he spoke with counsel only minutes before entering his plea and counsel was almost dismissive of the seriousness of the offense and its consequences. These

5

circumstances, combined with the lack of anything else in the record to show counsel's effective representation of McPhillips, raise serious concerns about the voluntary nature of McPhillips' plea. *See State v. Powell*, 188 Ohio App.3d 232, 2010-Ohio-3247, 935 N.E.2d 85, ¶ 58 (2d Dist.) (vacating defendant's plea where, inter alia, "the record [was] unrebutted" that counsel for defendant was ill-prepared and misadvised him). The record does not demonstrate that the trial court inquired whether McPhillips was satisfied with his counsel, understood the nature of the proceedings, or include any documentation to contradict the defendant's arguments that he was improperly advised by counsel.

{¶17} Also worth noting is that defense counsel stated at the plea hearing he had reviewed the video of the offense with the prosecutor and the HGN test was "done wrong" and McPhillips appeared sober. Under these circumstances, and given that McPhillips stated he had been advised by counsel he had done "an excellent job on the field sobriety testing," it does seem to further corroborate McPhillips' version that he believed he was pleading to a minor offense with a minimal penalty like a traffic ticket given that counsel recognized the evidence did not tend to show that he was under the influence of alcohol, which is necessary for either an OVI or physical control conviction.

{¶18} The foregoing must also be considered in conjunction with McPhillips' argument that he entered his plea without being properly advised of the effect of such plea pursuant to Crim.R. 11. It has been held that, in evaluating the totality of the circumstances surrounding a guilty plea to determine manifest injustice, the court's compliance with Crim.R. 11 is a necessary consideration. *State v. Austin*, 11th Dist. Trumbull No. 2018-T-0058, 2019-Ohio-3060, ¶ 19.

{¶19} A Physical Control violation is a "petty offense" since it is not punishable by

6

more than six months of confinement. Crim.R. 2(C) and (D); R.C. 2929.24(A)(1); *Cleveland v. Jones-McFarlane*, 8th Dist. Cuyahoga No. 108581, 2020-Ohio-3662, ¶ 16. In the case of such an offense, the trial court is required, pursuant to Crim.R. 11(E), to inform the defendant of the "effect of his plea." *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 14; Crim.R. 11(E) ("[i]n misdemeanor cases involving petty offenses[,] the court may refuse to accept a plea of guilty or no contest, and shall not accept such a plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty"). "[T]o satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)," which, in the present case would have been to inform McPhillips "that a plea of guilty is a complete admission of guilt." *Jones* at ¶ 25; Crim.R. 11(B)(1).

{¶20} Here, the record does not demonstrate that McPhillips was advised by the court of the effect of entering a guilty plea, nor does it reveal any discussion of other considerations such as potential penalties or rights being waived that would aid in demonstrating McPhillips understood the plea being entered and the consequences or effect of the plea. There are no documents in the record signed by McPhillips showing advisement of the effect of his plea.

{¶21} A plea has been found to be properly vacated in the context of a motion to withdraw where a defendant was not properly advised of the effect of his plea. *Brecksville v. Grabowski*, 2017-Ohio-7885, 98 N.E.3d 919, ¶ 13-15 (8th Dist.) (a defendant's motion to withdraw his guilty plea must be granted where a trial court failed to make any mention of the language of Crim.R. 11(B)(2) regarding the effect of the defendant's plea). It has been held that, where there is partial compliance with Crim.R. 11, a plea may be vacated

7

only where prejudice is found; in contrast, where there is no compliance, the plea must be vacated regardless of prejudice. *State v. Ramey,* 7th Dist. Mahoning No. 13 MA 64, 2014-Ohio 2345, ¶ 13, citing *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32. Here, there is nothing to indicate any compliance with Crim.R. 11(E). Further, it appears evident that a complete lack of advisements demonstrated in the record regarding the effect of one's guilty plea could impact its voluntariness and whether there was a manifest injustice in entering the plea.

{¶22} In considering this issue, the trial court noted that, although the transcript showed no advisements under Crim. R. 11, including the effect of the plea, there was a "gap" in the recording "during the first two minutes of the hearing" and the court typically follows the plea colloquy procedures strictly. Thus, it appears the court determined that, regardless of what was present in the record and McPhillips' lack of recollection of being advised of the effect of his plea, advisements were given as required.

{¶23} Where a transcript is unavailable, the appellant is obligated to provide a narrative statement of the evidence or agreed statement of the record pursuant to App.R. 9(C) and (D). *State v. Liddy*, 11th Dist. Lake No. 2006-L-083, 2007-Ohio-5225, ¶ 24. Here, however, there is not a missing or unavailable transcript, as McPhillips submitted a transcript of the proceedings. In fact, appellate counsel even went so far as having the hearing prior to McPhillips' plea transcribed in an attempt to demonstrate what occurred and whether anything was missing from the transcript. McPhillips does not allege that anything additional should be added to the transcript that is missing such that it could be included in a narrative or agreed statement. McPhillips has done all that he could to try to demonstrate whether he was properly advised by the trial court.

8

{¶24} It is of note that the plea hearing, as transcribed, begins with the court inquiring whether the parties consented to a magistrate hearing the case, which would appear to be a statement that would be made at the beginning of proceedings, bringing into question whether any prior portion of the proceedings had been conducted. Further, McPhillips attempted to plead no contest and the court then informed him he would need to plead guilty. This appears to be the first time the issue of whether a no contest or guilty plea would be entered was raised and again brings into question when the effect of the plea would have been discussed and whether it occurred at all. The discussion surrounding the entry of the plea does not appear to have a gap as the statements logically flow from one to the next. We find it improper to simply presume that the required Crim.R. 11 advisement was given in the absence of any evidence and under the facts of this case. *See Twinsburg v. Milano*, 2018-Ohio-1367, 110 N.E.3d 781, ¶ 12-16 (9th Dist.) (where the defendant presented a partial transcript due to defects in the recording, it did not reflect she was advised of the effect of her guilty plea and she stated she was not advised of such effect, although the trial court stated it recalled the proper colloquy was given, the court found the defendant's motion to withdraw her plea should have been granted).

{¶25} Upon consideration of the entirety of the circumstances, while recognizing our deferential standard of review, we find the record demonstrates an abuse of discretion in the trial court's determination that no manifest injustice occurred warranting withdrawal of McPhillips' guilty plea. The court's judgment denying the motion to withdraw the plea is reversed and this case is remanded with instructions to vacate McPhillips' plea.

{¶26} The sole assignment of error is with merit.

9

{¶27} For the foregoing reasons, the judgment of the Willoughby Municipal Court, denying McPhillips' motion to withdraw his guilty plea, is reversed and this matter is remanded for further proceedings consistent with this opinion.  Costs to be taxed against appellee.

TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.