JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Nicholas G. Myles, appeals from the judgment of the Lyndhurst Municipal Court denying his motion to suppress and finding him guilty of speeding and operating a motor vehicle under the influence of alcohol. For the reasons that follow, we vacate and remand.
 {¶ 2} At approximately 1:30 a.m. on September 27, 2003, Richmond Heights police officer Steven Molle initiated a traffic stop of Myles after observing appellant speeding. Upon approaching the car and speaking with Myles, Molle noticed a strong odor of alcohol emanating from the vehicle. Molle also observed that Myles' speech was slurred and that he had red, glassy eyes. In light of these observations, Myles was asked to perform four field sobriety tests, all of which Molle claims he failed. Myles was placed under arrest and taken into custody. He was charged with speeding and operating a motor vehicle while under the influence of alcohol ("OMVI"), in violation of Richmond Heights Codified Ordinances 333.03 and 333.01(a)(1) respectively.
 {¶ 3} Myles subsequently filed a motion to suppress any evidence emanating from the traffic stop. After the trial court denied the motion, Myles appeared in the municipal court for a plea hearing. The trial judge sentenced appellant to a $50 fine for speeding. On the OMVI charge, the trial judge sentenced Myles to a $550 fine plus costs and 30 days in jail, 27 days suspended, with a stipulation that the three remaining days could be avoided if he participated in an intervention program. This appeal followed.
 {¶ 4} Myles raises five assignments of error. Assignments one and two assert that the trial court erred in denying his motion to suppress. Assignment of error three challenges his arrest as lacking probable cause, assignment four asserts that he was denied his constitutional right to counsel during the roadside stop, and assignment of error five contends that the trial judge punished him by imposing a harsher sentence when she learned that he was going to appeal his conviction. We need not consider any of these alleged errors, however, because our review of the record indicates that Myles never entered a plea to either of the charges.
 {¶ 5} As set forth in the transcript of the plea hearing, the trial judge began the hearing by stating:
 {¶ 6} "Sir, you were charged with driving under the influence, a speeding violation and refusal to take the test. You previously entered a not guilty plea. You are here with your attorney, Mr. Bryan Carr, and it's the Court's understanding, per the prosecutor, that we have all taken a close look at the evidence and at this time you are willing to withdraw your not guilty plea and enter a plea of no contest with consent to the DUI. Is that your understanding?" There was no reply to this question.
 {¶ 7} The court continued:
 {¶ 8} "I am going to hand him his original constitutional rights sheet (referring to a document signed by Myles in October of the previous year containing a litany of appellant's constitutional rights, his signature and a check mark in a blank next to the words "not guilty.") and have him change his plea by circling `no contest' within that circle, sign it and date it." The document reflects a circle around the words "not guilty," along with initials and a date.
 {¶ 9} "Okay, Mr. Carr, if you would please address the Court on behalf of your client."
 {¶ 10} The transcript indicates that defense counsel then informed the court that the DUI charge was not in keeping with Myles' character. The court then asked Myles about his reaction to a drug abuse program he had attended. When Myles responded that "it's a good program," the trial judge stated that she was glad Myles attended the program and hoped he would share his experience with others. She then immediately began calculating the date upon which she could commence Myles' driver's license suspension. Upon learning that Myles intended to appeal his conviction, however, she stated that she would not afford him the benefit of an early commencement nor would she nolle the speeding charge. She then sentenced Myles as set forth above.
 {¶ 11} Our review of the transcript indicates that Myles did not enter a verbal plea at any point during the hearing. Although the trial judge stated that the purpose of the hearing was to allow appellant to enter a no contest plea, she never asked him, or his counsel, how he was pleading, and neither Myles nor his counsel ever stated that appellant was pleading no contest. The transcript of the plea hearing further indicates that the judge never asked Myles to acknowledge his circled plea on the record. Accordingly, there is no indication anywhere in the record that Myles ever actually entered a no contest plea.
 {¶ 12} Moreover, even if we were to construe this record as somehow indicating that Myles entered a plea, the trial judge did not explain the effect of his plea to Myles, as required by Traf.R. 10, nor did she elicit facts upon which he might be found guilty. See R.C. 2937.07; Statev. Waddell (1995), 71 Ohio St.3d 630; Cuyahoga Falls v. Bowers (1984),9 Ohio St.3d 149; North Ridgeville v. Roth, Lorain App. No. 03CA008396, 2004-Ohio-4447.
 {¶ 13} Because the charges brought against Myles involve violations of traffic ordinances, the Traffic Rules apply to this case. State v.Watkins, 99 Ohio St.3d 12, 2003-Ohio-2419, at ¶ 10. Traf.R. 10(D) addresses pleas in misdemeanor cases involving petty offenses. A "petty offense" is defined in Traf.R. 2 as "an offense for which the penalty prescribed by law includes confinement for six months or less." Myles was charged with violation of Richmond Heights Codified Ordinance 333.01(a)(1). Because this was his first such offense, the violation was a first degree misdemeanor, punishable by no more than six months in jail and a fine not to exceed $1000. Therefore, Myles' offense was a petty offense.
 {¶ 14} Traf.R. 10(D) states:
 {¶ 15} "In misdemeanor cases involving petty offenses, except those processed in a traffic violations bureau, the court may refuse to accept a plea of guilty or no contest and shall not accept such plea without firstinforming the defendant of the effect of the plea of guilty, no contest,and not guilty." (Emphasis added.)
 {¶ 16} The effect of a no contest plea is defined in Traf.R. 10(B)(2):
 {¶ 17} "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."
 {¶ 18} Our review of the transcript indicates that the trial judge made no such advisement to Myles at any point during the plea hearing. Thus, even if Myles had entered a plea, it would not have been valid.
 {¶ 19} Because Myles never entered a plea, the trial court's order sentencing appellant upon his plea is vacated and this matter is remanded for proceedings consistent with this opinion.
Vacated and remanded.
It is, therefore, ordered that the parties share equally the costs herein taxed.
It is ordered that a special mandate be sent to the Lyndhurst Municipal Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. and Calabrese, Jr., J. concur.