[Cite as *State v. Smith*, 2016-Ohio-3496.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 14CA0122-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TRACI SMITH | WADSWORTH MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 14CRB00912-A |

DECISION AND JOURNAL ENTRY

Dated: June 20, 2016

WHITMORE, Judge.

{¶1} Appellant Traci Smith appeals from her conviction in the Wadsworth Municipal Court. We reverse.

{¶2} Smith's St. Bernard dog escaped her property and, along with other dogs, killed a cat. The State of Ohio brought an action against Smith in the municipal court for one count of dogs running at large in violation of Wadsworth Codified Ordinances 90.01(B)(3)(a).

{¶3} Smith, who was represented by counsel, initially pled not guilty to the charge. Prior to trial, Smith changed her plea to no contest. Following a change of plea hearing, the court found Smith guilty of the offense. The court sentenced Smith to 30 days in jail with 23 days suspended on condition, and fined her $250 plus costs. This timely appeal follows.

{¶4} Smith raises two assignments of error for our review. We consider only the second assignment of error because it is dispositive.

II

Assignment of Error Number Two

THE TRIAL COURT FAILED TO COMPLY WITH CRIMINAL RULE 11(E)
WHEN TAKING [SMITH'S] NO CONTEST PLEA.

{¶5}    In her second assignment of error, Smith argues that her plea is invalid because the trial court failed to properly inform her of the effects of her plea.  We agree.

{¶6}    A trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading.  *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, ¶ 25.  Here it is undisputed that Smith pled no contest to a "[p]etty offense" defined in Crim.R. 2(D) as a "misdemeanor other than a serious offense."  A "[s]erious offense" is a felony or misdemeanor for which the penalty includes confinement for more than six months.  Crim.R. 2(C).

{¶7}    For a petty offense, the court "shall not accept" a plea of no contest "without first informing the defendant of the effect of the plea."  Crim.R. 11(E).  "To satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)."  *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, paragraph two of the syllabus.  "Thus, for a no contest plea, a defendant must be informed [under Crim.R. 11(B)(2)] that the plea of no contest is not an admission of guilt but is an admission of the truth of the facts alleged in the complaint, and that the plea or admission shall not be used against the defendant in any subsequent" proceeding.  *Id*. at ¶ 23.

{¶8}    Although the parties to this appeal argue whether the court properly advised Smith regarding all of the constitutional protections that she would waive upon entering a no contest plea, these advisements were not required for a petty offense.  *See Watkins* at ¶ 28.  The court's only obligation was to inform Smith in accordance with Crim.R. 11(B)(2) that a no contest plea (1) is not an admission of guilt but is an admission of the truth of the facts in the

complaint and (2) cannot be used against the defendant in subsequent proceedings. *See Jones* at ¶ 23.

{¶9}     The trial court may advise a defendant of the language of Crim.R. 11(B) either "orally or in writing." *Id.* at ¶ 51. Here, the trial court did neither. There is nothing in the record to indicate that Smith signed a change of plea form containing the Crim.R. 11(B)(2) advisements. Moreover, the court did not mention the Crim.R. 11(B)(2) advisements at the change of plea hearing.

{¶10}   At the hearing, the plea colloquy was as follows:

[COUNSEL]:   Okay. We'll be pleading to the charge, Your Honor. I've explained to Miss Smith her options in this matter, looked the discovery over, and potential and possible penalties. I believe the plea will be entered knowingly, intelligently and voluntarily.

[THE COURT]: Okay. Ma'am, do you understand what's going on here today?

[SMITH]: Yes, sir.

[THE COURT]: It's been indicated that you will enter a plea of no contest to dogs running at large. Is that what you wish to do?

[SMITH]: Yes.

* * *

[THE COURT]: You are represented by counsel. Tim has explained the various rights. Do you understand the effects of the no contest plea?

[SMITH]: Yes.

[THE COURT]: Do you understand by entering this plea you are giving up the right to a trial, you're giving up the right to a jury trial, giving up the right to require the State of Ohio to prove each and every element beyond a reasonable doubt, and you're giving up the right to confront and cross-examine the State's witnesses? Do you understand you're waiving all those rights?

[SMITH]: Yes.

[THE COURT]: Do you plead no contest to dogs running at large?

[SMITH]: Yes, sir.

[THE COURT]: The defendant has been advised of her rights, she's entered this plea knowingly, intelligently and voluntarily, and I'll accept same. Based to that, based on the citation as properly set forth in the offense I will find you guilty.

Thus, it is apparent that the trial court did not inform Smith of the effect of the no contest plea at the hearing using the language of Crim.R. 11(B)(2).

{¶11} To the extent that the State would argue that the trial court's failure to inform Smith of the effect of her no contest plea does not constitute reversible error, we disagree. Generally, a trial court's failure to advise a defendant pleading no contest to a petty offense of the effect of the plea is not reversible error absent a showing of prejudice. *See Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, at ¶ 52. Prejudice in this context means that the plea would not otherwise have been made but for the trial court error. *Id.* However, the Supreme Court of Ohio has held that a complete failure to comply with Crim.R. 11 is always prejudicial and does not require a prejudice analysis. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 32. The Supreme Court explained:

> When the trial judge does not *substantially* comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule. If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect. * * * If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated. A complete failure to comply with the rule does not implicate an analysis of prejudice.

(Emphasis sic.) (Internal citations omitted.) *Id.*

{¶12} Here, the transcript of the change of plea hearing demonstrates that trial court completely failed to comply with Crim.R. 11 because the trial court did not mention any of the language in Crim.R. 11(B)(2) regarding the effect of Smith's no contest plea. *See State v.*

*Johnson*, 9th Dist. Summit No. 27550, 2016-Ohio-480, ¶ 10 (the trial court completely failed to comply with Crim.R. 11 when the transcript of the change of plea hearing did not reveal any discussion about the effect of the plea). Moreover, although the court found at the hearing that Smith's counsel had informed her of the effect of her plea, the record does not contain any indication of what Smith's counsel specifically told her, and whether counsel used any of the language in Crim.R. 11(B)(2). Thus, a prejudice analysis is not necessary. *See Clark* at ¶ 32. Under the circumstances, the trial court committed reversible error when it failed to advise Smith of the effect of her no contest plea using the language in Crim.R. 11(B)(2).

{¶13} Because we find that the trial court committed reversible error when it failed to properly advise Smith of the effect of her no contest plea, we need not address the merits of Smith's claim that that her plea was insufficient for a finding of guilty because the charge implies an element of recklessness that the State did not support with facts. For the reasons discussed, we find that the trial court committed reversible error when it did not advise Smith of the effect of her no contest plea. On this basis, Smith's second assignment of error is sustained.

III

{¶14} The judgment of the Wadsworth Municipal Court is reversed. This matter is remanded for further action consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
BETH WHITMORE
FOR THE COURT


CARR, P. J.
MOORE, J.
CONCUR.


APPEARANCES:

WESLEY C. BUCHANAN, Attorney at Law, for Appellant.

THOMAS J. MORRIS, Assistant Law Director, for Appellee.