[Cite as *Twinsburg v. Milano*, 2018-Ohio-1367.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO
CITY OF TWINSBURG

    Appellee

    v.

JENNIFER T. MILANO

    Appellant

C.A. No.     28674

APPEAL FROM JUDGMENT
ENTERED IN THE
STOW MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    2015 CRB 3667

DECISION AND JOURNAL ENTRY

Dated: April 11, 2018

CALLAHAN, Judge.

{¶1} Defendant-Appellant, Jennifer Milano, appeals from the judgment of the Stow Municipal Court, denying her motion to withdraw her guilty plea. This Court reverses.

I.

{¶2} Ms. Milano was arrested on one count of domestic violence, a first-degree misdemeanor, after striking her boyfriend with a picture frame. She was taken to jail and arraigned the following day by video link, at which time she entered into an uncounseled guilty plea. The court sentenced her to a fine and ten days in jail, but suspended her jail sentence on the condition that she obey all laws for two years and serve six months of community control.

{¶3} Subsequently, Ms. Milano filed a motion to withdraw her guilty plea. Because the audio recording of her plea hearing was incomplete, she attached to her motion to withdraw the partial recording and an affidavit. In her affidavit, she averred that the court had accepted her guilty plea without informing her of certain items, including the effect of her plea. She further

averred that, had she been properly advised, she would have retained counsel and would not have pleaded guilty. Upon review, the trial court denied her motion to withdraw.

{¶4} Ms. Milano now appeals from the court's judgment and raises one assignment of error for this Court's review.

II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING [MS.] MILANO'S MOTION TO WITHDRAW HER GUILTY PLEA WITHOUT AN EVIDENTIARY HEARING WHERE [MS.] MILANO, A PREGNANT, PRO-SE DEFENDANT ENTERED HER GUILTY PLEA AT HER FIRST ARRAIGNMENT AND THE RECORD CONTAINS NO INDICATION THAT SHE WAS ADVISED OF HER CONSTITUTIONAL TRIAL RIGHTS, THE STATUTORY PENALTIES OF THE CHARGE, THE ELEMENTS OR NATURE OF THE OFFENSE, OR THE EFFECT OF A GUILTY PLEA.

{¶5} In her assignment of error, Ms. Milano argues that the trial court erred when it denied her motion to withdraw her guilty plea. For the reasons that follow, this Court agrees.

{¶6} "'One who enters a guilty plea has no right to withdraw it.'" *State v. Brown*, 9th Dist. Summit No. 24831, 2010-Ohio-2328, ¶ 8, quoting *State v. Xie*, 62 Ohio St.3d 521, 526 (1992). Accordingly, "the decision whether to grant a motion to withdraw a guilty plea rests within the sound discretion of the trial court," and this Court "will not reverse a trial court's denial of a motion to withdraw a plea absent an abuse of discretion." *State v. Pippert*, 9th Dist. Lorain No. 14CA010698, 2016-Ohio-1352, ¶ 16. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶7} "A defendant filing a post-sentence motion to withdraw a guilty plea 'has the burden of establishing the existence of manifest injustice.'" *State v. Robinson*, 9th Dist. Summit

No. 28065, 2016-Ohio-8444, ¶ 11, quoting *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus.

> A manifest injustice has been defined as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998). * * * "Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Williams*, 10th Dist. Franklin No. 03AP-1214, 2004-Ohio-6123, ¶ 5.

*State v. Ruby*, 9th Dist. Summit No. 23219, 2007-Ohio-244, ¶ 11. "Under the manifest injustice standard, a post-sentence 'withdrawal motion is allowable only in extraordinary cases.'" *Brown* at ¶ 9, quoting *Smith* at 264.

{¶8} "A trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading." *State v. Smith*, 9th Dist. Medina No. 14CA0122-M, 2016-Ohio-3496, ¶ 6. If a misdemeanor case involves a serious offense, the court must address the defendant personally, inform her of the effect of her plea, determine that she is making the plea voluntarily, and, if she is unrepresented, address her right to counsel. Crim.R. 11(D). If a misdemeanor case involves a petty offense, "[t]he plain language of [Crim.R.] 11(E) requires a trial court to do one thing before accepting a plea * * *[:] 'inform[] the defendant of the effect of the plea * * *.'" *State v. Higby*, 9th Dist. Wayne No. 10CA0054, 2011-Ohio-4996, ¶ 4, quoting *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, paragraph one of the syllabus. A misdemeanor is a "serious offense" if "the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). Otherwise, a misdemeanor is a "petty offense." *See* Crim.R. 2(D).

{¶9} Ms. Milano argues that she did not knowingly, voluntarily, and intelligently enter her plea because the court accepted it without informing her of all of her rights. She asserts that the court never advised her of her right to subpoena witnesses, to confront her accusers, or to

demand a jury trial. She further asserts that the court failed to advise her of the elements of her offense, the statutory penalties associated with her offense, or the effect of her plea. Because there is no evidence in the record that she understood her rights, the penalties she faced, or the effect of her plea, she argues, her plea is invalid.

{¶10} Ms. Milano pleaded guilty to a first-degree misdemeanor that could have resulted in a maximum of 180 days in jail. *See* R.C. 2919.25(A) and 2929.24(A)(1). Consequently, she pleaded guilty to a "petty offense," *see* Crim.R. 2(C) and (D), and the trial court only had to inform her of the effect of her guilty plea before accepting it. *See* Crim.R. 11(E). *See also Higby* at ¶ 4, quoting *Jones* at paragraph one of the syllabus. The court was not required to tell her that she had the right to subpoena witnesses, confront her accusers, or demand a jury trial. *See Smith*, 2016-Ohio-3496, at ¶ 8, citing *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, ¶ 28. Likewise, it was not required to explain the elements of her offense or the penalties she faced. *See Higby* at ¶ 6; *State v. Klingsbergs*, 9th Dist. Wayne No. 10CA0044, 2011-Ohio-6509, ¶ 9. To the extent Ms. Milano argues otherwise, her argument is overruled. The only question is whether the court informed her of the effect of her guilty plea. *See* Crim.R. 11(E).

{¶11} "To satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform [her] of the appropriate language under Crim.R. 11(B)." *Jones* at paragraph two of the syllabus. "The trial court may advise a defendant of the language of Crim.R. 11(B) either 'orally or in writing.'" *Smith*, 2016-Ohio-3496, at ¶ 8, quoting *Jones* at ¶ 51. If the plea is one of guilt, the court must inform the defendant that her plea "is a complete admission of [her] guilt." Crim.R. 11(B)(1). Because the defendant's right to be so informed is a nonconstitutional one, it is "subject to review under a standard of substantial compliance." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12.

Under this standard of review, "a slight deviation from the text of the rule is permissible[] so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of [her] plea and the rights [she] is waiving * * *.'" [*State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748,] ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). If the trial court did not substantially comply with Crim.R. 11 when addressing a nonconstitutional right, [this Court] "must determine whether the trial court *partially* complied or *failed* to comply with the rule." (Emphasis sic.) [*Clark*] at ¶ 32. When the trial court partially complies with the rule, the defendant must demonstrate prejudice. *Id.* But, the trial court's "complete failure to comply with the rule will result in [the vacating] of the plea, regardless of whether prejudice has been shown." [*State v. Beach*, 9th Dist. Summit Nos. 26021, 27124, 2015-Ohio-3445,] ¶ 31.

*State v. Johnson*, 9th Dist. Summit No. 27550, 2016-Ohio-480, ¶ 8.

{¶12} It is undisputed that a full transcript of Ms. Milano's plea hearing does not exist due to "technical defects in the court's [audio recording] system." Nevertheless, a portion of the hearing was preserved, and Ms. Milano had that portion transcribed. The transcript of that portion of the plea hearing does not reflect that the court ever advised her of the effect of her guilty plea. Moreover, in an affidavit that she attached to her motion to withdraw, Ms. Milano averred that the court never advised her of the effect of her plea.

{¶13} In response to Ms. Milano's motion to withdraw, the trial court acknowledged that the full recording of her plea hearing had been lost. The trial judge claimed, however, that he "specifically remember[ed] the colloquy" that had taken place some fourteen months earlier. According to the judge, he "specifically remember[ed] reviewing the rights enumerated on the acknowledgement and waiver on [the date of the plea hearing] * * *" with Ms. Milano. Accordingly, the court denied her motion to withdraw.

{¶14} The record contains the acknowledgment and waiver of rights form that the court apparently reviewed with Ms. Milano in conjunction with accepting her plea. Though the form outlines a number of rights and potential consequences, it makes no mention of the effect of a guilty plea. That is, it contains no language informing Ms. Milano that her guilty plea would be

"a complete admission of [her] guilt." Crim.R. 11(B)(1). Thus, this Court cannot conclude that the trial court advised Ms. Milano of the effect of her plea in writing. *See Smith*, 2016-Ohio-3496, at ¶ 9, quoting *Jones* at ¶ 51.

{¶15} Even assuming the trial judge remembered a plea he accepted by video link more than a year earlier, he never indicated that he recalled telling Ms. Milano about the effect of her guilty plea. He only recalled the fact that, during the colloquy, he had reviewed with Ms. Milano the acknowledgement and waiver of rights form. Yet, the form did not address the effect of her plea. "Due to the lack of any indication in the record that the trial court informed [Ms. Milano] of the effect of [her] guilty plea, [this Court] determine[s] that there [was] a complete lack of compliance with Crim.R. 11."[1] *Johnson*, 2016-Ohio-480, at ¶ 10.

{¶16} As noted, "[a] trial court's 'complete failure to comply with [Crim.R. 11] will result in [the vacating] of [a] plea, regardless of whether prejudice has been shown.'" *Id.* at ¶ 8, quoting *Beach*, 2015-Ohio-3445, at ¶ 31. Because the record supports Ms. Milano's contention that she did not knowingly, voluntarily, and intelligently enter her plea, it was unreasonable for

---

[1] As a general rule, this Court has presumed regularity in instances where an appellant has not filed a complete transcript on appeal or availed herself of the alternative procedures outlined in App.R. 9(C) and App.R. 9(D). *See, e.g., State v. Knox*, 9th Dist. Lorain No. 16CA010985, 2018-Ohio-43, ¶ 9-12. That is because an appellant bears the burden of supplying this Court with an adequate record and may not hope to "'predicate reversal upon the basis of a silent record.'" *Id.* at ¶ 12, quoting *In re Wilson*, 9th Dist. Lorain No. 98CA007128, 1999 Ohio App. LEXIS 1594, *6-7 (Mar. 31, 1999). In this particular instance, however, the trial court approved a partial transcript and indicated that it was denying Ms. Milano's motion because it specifically recalled having reviewed the acknowledgement and waiver of rights form with her during her plea hearing. The court never claimed that it orally notified Ms. Milano of the effect of her guilty plea, and the acknowledgment and waiver of rights form itself is part of the record. Thus, Ms. Milano has not predicated her argument upon a silent record. Under these unique facts and circumstances, this Court declines to presume regularity due to the absence of a complete transcript.

the trial court to deny her motion to withdraw. *See Johnson* at ¶ 10. *See also Smith*, 2016-Ohio-3496, at ¶ 11-13. Accordingly, her sole assignment of error is sustained.

## III.

**{¶17}** Ms. Milano's sole assignment of error is sustained. The judgment of the Stow Municipal Court is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

WILLIAM B. NORMAN, Attorney at Law, for Appellant.

FRANKLIN BENI, Prosecuting Attorney, for Appellee.