[Cite as *State v. Veite*, 2021-Ohio-290.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190339 |
| | | TRIAL NO. 19CRB-9258 |
| Plaintiff-Appellant/ | : | |
| Cross-Appellee, | | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| JONATHAN VEITE, | | |
| | : | |
| Defendant-Appellee/ | | |
| Cross-Appellant. | | |


Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Pleas Vacated and Cause Remanded

Date of Judgment Entry on Appeal:  February 3, 2021


*Andew W. Garth*, Interim City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Jon Vogt*, Assistant Prosecuting Attorney, for Plaintiff-Appellant/Cross-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellee/Cross-Appellant.

**MYERS, Judge.**

{¶1}   Following Jonathan Veite's guilty pleas to voyeurism and public indecency, the Hamilton County Municipal Court imposed jail sentences on each charge but did not include a sex-offender classification in its sentencing entries or inform him of his duties to register.  Two days later, the court denied the state's motion to classify Veite a Tier I sex offender as to each of the charges.  We granted the state's motion for leave to appeal Veite's sentence for voyeurism, and Veite filed a cross-appeal.

*The State's Appeal.*

{¶2}   In a single assignment of error, the state argues that the trial court erred when it failed to impose Tier I sex-offender classification and registration requirements where Veite pleaded guilty to voyeurism, an offense that automatically rendered him a Tier I sex offender.

{¶3}   Veite was convicted of voyeurism in violation of R.C. 2907.08.  R.C. 2950.01(E)(1)(a) defines a "Tier I sex offender" as "[a] sex offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to * * * [a] violation of section * * * 2907.08 * * * of the Revised Code."  The tier classification is based solely on the sex offense committed and is automatic.  *State v. Lewis*, 2018-Ohio-1380, 110 N.E.3d 919, ¶ 8 (1st Dist.), citing *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 20.

{¶4}   A judgment convicting the defendant of an offense that subjects the defendant to the registration and notification requirements of Ohio's version of the Adam Walsh Act ("AWA") must accurately reflect the defendant's tier classification. *State v. Rucker*, 1st Dist. Hamilton No. C-110082, 2012-Ohio-185, ¶ 31 and 48.  In *State v. Hildebrand*, 1st Dist. Hamilton No. C-150046, 2018-Ohio-2962, ¶ 6, we stated:

The registration and verification requirements of the AWA are punitive. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 16. They are part of the penalty imposed for the offense. *State v. Thomas*, 2016-Ohio-501, 56 N.E.3d 432, ¶ 7 (1st Dist.); *State v. Lawson*, 1st Dist. Hamilton Nos. C-120067 and C-120077, 2012-Ohio-5281, ¶ 21; *State v. Jackson*, 1st Dist. Hamilton No. C-100645, 2012-Ohio-3348, ¶ 6. "[A] sentence is a sanction or combination of sanctions imposed for an individual offense, and incarceration and postrelease control are types of sanctions that may be imposed and combined to form a sentence." *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 6. Tier classification under the AWA is a type of sanction that may be imposed for an offense. *See Williams.*

{¶5} Veite's tier classification is part of the sentence for his voyeurism offense, and therefore, it must be included in the entry of conviction and sentence. *See State v. Merritt*, 1st Dist. Hamilton No. C-170649, 2018-Ohio-4995, ¶ 3; *State v. Arzman*, 1st Dist. Hamilton No. C-170595, 2018-Ohio-4132, ¶ 7. Because it was not, the trial court's judgment must be set aside.

{¶6} Veite argues, however, that we should not remand this matter for resentencing, asserting that the trial court lost its jurisdiction to classify him as a sex offender because he served the imposed period of incarceration for the voyeurism offense. He contends that he had a legitimate expectation of finality in his sentence and that resentencing him to impose the sanction of the tier classification is prohibited by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. He asserts that once the entirety of the period of incarceration has been served, "the defendant's expectation of finality becomes paramount, and his

sentence for that crime may no longer be modified," citing *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 18.

{¶7}   However, Veite's argument ignores the "repeated statements in *Holdcroft* that on a direct appeal of a criminal conviction, any aspect of a defendant's sentence may be challenged and any part of that sentence that has been successfully challenged may be corrected."   *State v. Christian*, 159 Ohio St.3d 510, 2020-Ohio-828, 152 N.E.3d 216, ¶ 16.[1]  As the Supreme Court explained in *Christian*:

> The United States Supreme Court has made it clear that a defendant "has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired."   *United States v. DiFrancesco*, 449 U.S. 117, 136, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). In applying *DiFrancesco*, this court has stated that "when the legislature has provided the government with a statutory right of appeal, '[t]he defendant * * * is charged with knowledge of the statute and its appeal provisions, and has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired.' "  (Brackets and ellipsis sic.)  *State v. Roberts*, 119 Ohio St.3d 294, 2008-Ohio-3835, 893 N.E.2d 818, ¶ 16, quoting *DiFrancesco* at 136, 101 S.Ct. 426.

*Id.* at ¶ 17.  Therefore, because Veite's sentence is subject to correction on appeal, he had no expectation of finality in the sentence.  *Id.* at ¶ 18.  "[J]eopardy does not attach to a sentence that has been invalidated and, therefore, a trial court's imposition of a new sentence does not violate double jeopardy."  *Id.* at ¶ 21.  This is true even where the state did not seek and the trial court did not impose a stay of the

---

[1] We note that *Holdcroft* was abrogated on other grounds by *State v. Hudson*, Slip Opinion No. 2020-Ohio-3849 (failure to include notice of the consequences of violating postrelease control renders the sentence voidable).

execution of the sentence. *See State v. Roberts*, 119 Ohio St.3d 294, 2008-Ohio-3835, 893 N.E.2d 818, ¶ 29. The state's timely appeal of Veite's sentence placed him on notice that his sentence was subject to being overturned. *Id.* Consequently, Veite had no expectation of finality in the sentence, and resentencing on remand would not violate double jeopardy. *Id.*

{¶8} Consequently, we hold that the trial court erred by failing to impose the statutorily mandated tier classification as part of Veite's sentence for his voyeurism offense. Therefore, we sustain the state's assignment of error.

## *Veite's Cross-Appeal*

{¶9} In a single assignment of error, Veite argues that the trial court erred by accepting his guilty pleas because they were not knowingly, intelligently, and voluntarily entered. Veite contends that his pleas must be vacated because the trial court failed to inform him (1) of the effect of his guilty pleas and (2) that he would be classified and required to register as a Tier I sex offender.

{¶10} The state does not address Veite's argument about the trial court's failure to inform him of the effect of his guilty pleas. The state addresses only the second part of Veite's argument concerning the trial court's failure to inform him of the classification and registration requirements for the voyeurism offense. The state asserts that this argument is not ripe for review because Veite's tier classification was not included in the judgment of conviction and sentence. However, we do not reach the state's argument on this point because we hold that the trial court erred by failing to inform Veite of the effect of his guilty pleas.

{¶11} Before accepting a plea to a misdemeanor involving a petty offense, Crim.R. 11(E) requires that a trial court inform the defendant only of the effect of the specific plea being entered. *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, paragraph one of the syllabus. To satisfy the requirement of informing the defendant of the effect of the plea, the court must inform the defendant of the

5

appropriate language under Crim.R. 11(B). *Id.* at paragraph two of the syllabus. Crim.R. 11(B)(1) states that a guilty plea is "a complete admission of the defendant's guilt." Therefore, before accepting a guilty plea to a misdemeanor for a petty offense, the court must inform the defendant that a plea of guilty is a complete admission of guilt. *Id.* at ¶ 25.

{¶12} A petty offense is defined as "a misdemeanor other than a serious offense." Crim.R. 2(D). A serious offense includes "any misdemeanor for which the penalty prescribed by law included confinement for more than six months." Crim.R. 2(C). In this case, Veite entered guilty pleas to voyeurism as a third-degree misdemeanor and public indecency as a fourth-degree misdemeanor. Because the prescribed penalties for the misdemeanor offenses were maximum jail terms of 60 days and 30 days, respectively, under R.C. 2929.24(A)(3) and (4), both were petty offenses. *See* Crim.R. 2(C) and (D). Before accepting Veite's guilty pleas, therefore, the trial court was required to inform him that a plea of guilty is a complete admission of guilt. *See Jones* at ¶ 25.

{¶13} The trial court engaged in the following plea colloquy with Veite:

THE COURT: All right. Mr. Veite, do you understand that on the B charge, which is the public indecency, the maximum possible penalty is 30 days in jail and/or a $250 fine? Yes?

THE DEFENDANT: Yeah.

THE COURT: And on the C charge (voyeurism), the maximum penalty is 90 days in jail and/or a $700 - - No. I'm sorry. 60 days in jail, M3, and a $500 fine. Do you understand?

THE DEFENDANT: Yes.

THE COURT: All right. Do you have any questions before I accept your plea?

THE DEFENDANT: No.

THE COURT: No? I'll accept the pleas of guilty. Facts.

{¶14} After the prosecutor's statement of facts, the court asked defense counsel, "Anything on those facts?" When counsel said no, the court stated, "The finding is guilty."

{¶15} Before the trial court accepted Veite's guilty pleas, the court did not inform him that a guilty plea is a complete admission of guilt, as set forth in Crim.R. 11(B). Therefore, the court failed to satisfy Crim.R. 11(E)'s requirement that it inform Veite of the effect of his guilty pleas. *See id.*

{¶16} The right to be informed that a guilty plea is a complete admission of guilt is a nonconstitutional right and subject to review for substantial compliance. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. When a trial court does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, we must determine whether the trial court partially complied or failed to comply with the rule. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32. If the trial court partially complied, the plea may be vacated only if the defendant demonstrates a prejudicial effect. *Id.* However, if the trial court completely failed to comply with the rule, the plea must be vacated. *Id.*, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, paragraph two of the syllabus. "A complete failure to comply with the rule does not implicate an analysis of prejudice." *Id.*, quoting *Sarkozy* at ¶ 22.

{¶17} In this case, the trial court's failure to inform Veite of the appropriate language in Crim.R. 11(B)(1) regarding the effect of Veite's guilty pleas was a complete failure to comply with the requirements of Crim.R. 11(E). *See Cleveland v. Jones-McFarlane*, 8th Dist. Cuyahoga No. 108581, 2020-Ohio-3662, ¶ 24. Where there is a complete failure to comply with the rule, a prejudice analysis is not necessary and the guilty pleas must be vacated. *Id.* at ¶ 25, citing *Clark* at ¶ 32; *State v. Moschell*, 7th Dist. Mahoning No. 19 MA 0129, 2020-Ohio-6818, ¶ 15 and 18; *State*

*v. Milano*, 2018-Ohio-1367, 110 N.E.3d 781, ¶ 16 (9th Dist.). Therefore, Veite's assignment of error is sustained.

*Conclusion*

**{¶18}** Because the trial court failed to include the Tier I classification in Veite's sentence, the state's assignment of error is sustained. However, because we have determined that Veite's pleas were entered involuntarily under Crim.R. 11(E), his assignment of error is sustained. Therefore, Veite's pleas are hereby vacated and the cause is remanded to the trial court for further proceedings.

Judgment accordingly.

**ZAYAS, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its own entry this date.