[Cite as *State v. Brown*, 2021-Ohio-3275.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

ASHLEY BROWN

    Appellant

C.A. No.    19CA011588

APPEAL FROM JUDGMENT
ENTERED IN THE
LORAIN MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE No.    2019CRB01249

DECISION AND JOURNAL ENTRY

Dated: September 20, 2021

TEODOSIO, Judge.

{¶1}     Appellant, Ashley Brown, appeals from her conviction for aggravated menacing in the Lorain Municipal Court. This Court reverses and remands.

I.

{¶2}     Ms. Brown was charged with misdemeanor aggravated menacing, in violation of R.C. 2903.21(A). After a plea hearing, the trial court filed a journal entry stating that Ms. Brown pled no contest and that the court accepted the plea and found her guilty. The court sentenced her to a $150.00 fine and 180 days in jail, but suspended the fine as well as 150 days of the jail sentence. The court ordered the remaining 30 days to be served concurrently with her sentence in a separate, child endangering case. The court placed her on intensive supervised probation for 2 years.

{¶3}     Ms. Brown now appeals from her conviction and raises one assignment of error for this Court's review.

II.

## ASSIGNMENT OF ERROR

MS. BROWN WAS PREJUDICED AND DENIED DUE PROCESS WHEN THE TRIAL COURT FAILED TO FULLY INFORM HER OF HER CONSTITUTIONAL RIGHT TO TRIAL AND THE EFFECT OF HER NO CONTEST PLEA.

{¶4}   In her sole assignment of error, Ms. Brown argues that the trial court failed to advise her of her constitutional right to a trial and the effect of her no contest plea. We agree that the court erred in failing to inform her of the effect of her plea.

{¶5}   "A plea is invalid where it has not been entered in a knowing, intelligent, and voluntary manner." *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 4. "A trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading." *State v. Smith*, 9th Dist. Medina No. 14CA0122-M, 2016-Ohio-3496, ¶ 6. "If a misdemeanor case involves a serious offense, the court must address the defendant personally, inform her of the effect of her plea, determine that she is making the plea voluntarily, and, if she is unrepresented, address her right to counsel." *Twinsburg v. Milano*, 9th Dist. Summit No. 28674, 2018-Ohio-1367, ¶ 8, citing Crim.R. 11(D). If a misdemeanor case involves a petty offense, the plain language of Crim.R. 11(E) only requires the court to inform the defendant of the effect of the plea. *Id.* A misdemeanor is a "serious offense" if "the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). Any other misdemeanor is a "petty offense." *See* Crim.R. 2(D).

{¶6}   Ms. Brown was charged with aggravated menacing, a misdemeanor of the first degree. *See* R.C. 2903.21(A)-(B). Pursuant to R.C. 2929.24(A)(1), the maximum jail sentence for misdemeanors of the first degree is 180 days. Consequently, Ms. Brown's aggravated menacing charge was a petty offense.

{¶7} To begin with, we find no merit in Ms. Brown's argument that the trial court failed to inform her of her right to a jury trial. Because she was only pleading no contest to a petty offense, the trial court was not required to inform her of all the constitutional protections she would waive upon entering her plea. *See Smith* at ¶ 8, citing *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, ¶ 28.

{¶8} Instead, the trial court was only required to inform Ms. Brown of the effect of her no contest plea. *See Milano* at ¶ 8; Crim.R. 11(E). "[T]o satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)." *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 25. This may be done "orally or in writing * * *." *Id.* at ¶ 51. Crim.R. 11(B)(2) sets forth the effect of a no contest plea as follows: "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the * * * complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

{¶9} Because the right to be informed of the effect of a plea is a nonconstitutional one, it is "'subject to review under a standard of substantial compliance.'" *Milano* at ¶ 11, quoting *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12. In order to substantially comply with Crim.R. 11, "a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of [her] plea and the rights [she] is waiving[.]'" *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). If substantial compliance is not achieved, a reviewing court must determine if the trial court partially complied or failed to comply with the rule. *Id.* at ¶ 32. A trial court's complete failure to comply with Crim.R. 11

requires the plea to be vacated, but if the court partially complied with the rule the defendant must demonstrate prejudice for the plea to be vacated. *Id. See also Milano* at ¶ 11, quoting *State v. Johnson*, 9th Dist. Summit No. 27550, 2016-Ohio-480, ¶ 8; *but see Jones* at ¶ 52, citing *Griggs* at ¶ 12 (stating the failure to comply with nonconstitutional rights, such as the information in Crim. R. 11(B)(1), will not invalidate a plea unless the defendant thereby suffered prejudice). "The test for prejudice is 'whether the plea would have otherwise been made.'" *Jones* at ¶ 52, quoting *Nero* at 108.

{¶10}  Upon review, the transcript of the Ms. Brown's plea hearing does not reflect that the trial court ever informed her orally that (1) her plea of no contest is not an admission of her guilt, but is an admission of the truth of the facts alleged in the complaint, or (2) her plea or admission shall not be used against her in any subsequent civil or criminal proceeding; nor does the record contain any documents signed by Ms. Brown demonstrating that the court informed her of the effect of her plea. *Compare Johnson* at ¶ 10 (noting the complete absence of any discussion indicating that the trial court informed Johnson about the effect of his plea); *State v. Fraraccio*, 9th Dist. Summit No. 18040, 1997 WL 270537, *1 (May 14, 1997) (stating "[t]he trial court's journal entry, standing alone, will not suffice" to affirmatively show in the record that a no contest plea was knowingly, intelligently, and voluntarily given).  The record does contain a written waiver of trial by jury, which appears to have been electronically signed by both Ms. Brown and her attorney, and the plea transcript reveals that the court orally discussed with Ms. Brown the recommended sentence and its inclination to follow that recommendation. Nevertheless, the Supreme Court of Ohio has made it clear that the "effect of the plea" requirement satisfied by informing the defendant of Crim.R. 11(B)(2) cannot alternatively be satisfied by simply informing the defendant of the maximum sentence and the right to a jury

trial. *See Jones* at ¶ 22. Because those three concepts are distinct, "a statement about the effect of a plea is separate from statements relating to a maximum penalty and the right to jury trial." *Id.* We therefore cannot conclude that the trial court advised Ms. Brown of the effect of her no contest plea either orally or in writing.

**{¶11}** In addition, it appears from the transcript that Ms. Brown never actually entered a verbal plea of no contest during the plea hearing. *Compare Johnson* at ¶ 10 (noting that Johnson never entered a guilty plea to his petty offense in open court); *Richmond Heights v. Myles*, 8th Dist. Cuyahoga No. 84638, 2005-Ohio-509, ¶ 11 (noting Myles did not enter a verbal no contest plea to his petty offense at any point during the hearing). *See also Cleveland v. Paramount Land Holdings, L.L.C.*, 8th Dist. Cuyahoga No. 95448, 2011-Ohio-3383, ¶ 13 ("At its most basic level, the court failed to comply with Crim.R. 11 because it failed to even take the plea of no contest from [the defendant]."). Instead, right after the trial court communicated to Ms. Brown that the prosecutor's offer was for her to plead no contest for a 30-day jail sentence to run concurrent to her other case with credit for time served, the following exchange occurred:

> THE COURT: [D]o you want to do that or leave it set for trial?
>
> THE DEFENDANT: I just want to get it over with.
>
> THE COURT: You want to get it over with?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: I'll ask you to sign two forms.[1] If you sign them, you'll be giving up your right to the trial. Okay?
>
> So, we'll have you sign that at the bailiff station.

---

[1] Once again, while the record contains an electronically-signed written waiver of trial by jury, which is presumably one of the "two forms" mentioned by the court, we can find no other document in the record, signed or unsigned, demonstrating that Ms. Brown was informed of the effect of her plea.

A vague statement to the court that one simply wishes "to get it over with" could conceivably mean any number of things, but it is certainly not the functional equivalent of a plea of no contest. Moreover, the trial court asked for and received a brief summary of the facts of the case from the prosecutor, *see* R.C. 2937.07, and asked defense counsel and Ms. Brown if they would like to say anything, but the court did not then orally state that it was accepting a plea from Ms. Brown, nor did it make a finding of guilt in open court. *Compare Johnson* at ¶ 10, fn. 1 (noting the court's failure to make a finding of guilt in open court). Instead, after Ms. Brown was afforded the opportunity to speak, the court immediately proceeded to sentencing.

{¶12} Due to the lack of any indication in the record that the trial court informed Ms. Brown, either orally or in writing, of the effect of her no contest plea, we determine that there is a complete lack of compliance with Crim.R. 11. *See Johnson* at ¶ 10. Consequently, Ms. Brown need not demonstrate that she suffered prejudice as a result of the court's noncompliance with Crim.R. 11. *See id.*; *Clark* at ¶ 31. *See also Cleveland v. Adams*, 8th Dist. Cuyahoga No. 97523, 2012-Ohio-1063, ¶ 8-9 (determining that the trial court completely failed to "strictly or substantially" comply with Crim.R. 11 since "[a] review of the transcript * * * reveals that the trial court did not advise [the defendant] of the effect of the no contest pleas"). We must conclude that Ms. Brown's no contest plea was invalid—as it was not knowingly, intelligently, and voluntarily made—and that her conviction must be vacated. *See Johnson* at ¶ 10.

{¶13} Ms. Brown's sole assignment of error is sustained.

### III.

{¶14} Ms. Brown's sole assignment of error is sustained. The judgment of the Lorain Municipal Court is reversed, and the matter is remanded for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CONCURRING.

{¶15} I would reverse solely on the ground that the record does not support that Ms. Brown entered a plea of no contest.

CARR, J.
CONCURRING.

{¶16} I concur in the majority's judgment but write separately to express my concern that we have reached the point where failing to extend the protections of Crim.R. 11(C) to defendants charged with misdemeanors will ultimately lead to some extremely harsh results. It has been nearly 20 years since the Supreme Court decided *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419. That case involved a second-time DUI offender, meaning the high court's holding was predicated on an application of the Ohio Traffic Rules because the offender was charged with a petty misdemeanor traffic offense. *Watkins* at ¶ 1, 9.

{¶17} In the case before us, Ms. Brown was charged with misdemeanor aggravated menacing. As noted by the majority, Ms. Brown never actually entered a no contest plea and instead simply expressed a preference to "get it over with." It is not uncommon for defendants charged with petty misdemeanor offenses to adopt a similar attitude given that declining to contest the charge will not result in a lengthy term of incarceration, at least in the short term. This is a dangerous approach to misdemeanor proceedings given that sentencing enhancement schemes have become more sophisticated over the past two decades and the collateral consequences associated with misdemeanor offenses have also multiplied. Misdemeanor convictions can also carry jail sentences of up to six months. *See State v. Frederick*, 9th Dist. Wayne No. 18AP0005, 2020-Ohio-714, ¶ 8 (recognizing that while the United States Constitution extends the right to counsel upon actual incarceration, Ohio has extended greater protections to defendants facing significant penalties, including the possibility of incarceration.). I would strongly encourage the Supreme Court to reexamine the question of whether misdemeanor offenders should be afforded the protections set forth in Crim.R. 11(C) prior to entering a plea of guilty or no contest.

APPEARANCES:

DENISE G. WILMS. Attorney at Law, for Appellant.

ROCKY RADEFF, Prosecuting Attorney, for Appellee.