[Cite as *State v. Geitgey*, 2026-Ohio-699.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 25AP0021 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KODY JAY GEITGEY | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2024 CR-B 000778 |

## DECISION AND JOURNAL ENTRY

Dated: March 2, 2026

HENSAL, Judge.

{¶1} Kody Geitgey appeals his convictions by the Wayne County Municipal Court. This Court affirms.

### I.

{¶2} Mr. Geitgey pleaded no contest to domestic violence and aggravated menacing. The trial court found him guilty and sentenced him to 180 days in the Wayne County Jail. Mr. Geitgey appealed, assigning two errors for this Court's review.

### II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ACCEPTING MR. GEITGEY'S NO CONTEST PLEA BECAUSE IT WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY, IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS.

{¶3} Mr. Geitgey's first assignment of error argues that his no-contest plea was not knowing, voluntary, and intelligent because he did not anticipate that he would receive a jail sentence. This Court does not agree.

**{¶4}** "Because a no-contest or guilty plea involves a waiver of constitutional rights, a defendant's decision to enter a plea must be knowing, intelligent, and voluntary." *State v. Dangler*, 2020-Ohio-2765, ¶ 10. "If a criminal defendant claims that his guilty plea was not knowingly, voluntarily, and intelligently made . . . the reviewing court must review the totality of the circumstances in order to determine whether or not the defendant's claim has merit." *Akron v. Hendon*, 2006-Ohio-1038, ¶ 4 (9th Dist.). The Supreme Court of Ohio has explained the function of Criminal Rule 11 when a defendant argues that a plea was not knowing, intelligent, and voluntary:

> [Criminal Rule 11] remedies the problems inherent in a subjective judgment by the trial court as to whether a defendant has intelligently and voluntarily waived his constitutional rights and ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.

*State v. Stone*, 43 Ohio St.2d 163, 167-168 (1975).

**{¶5}** When accepting a plea, a trial court's obligations under Criminal Rule 11 depend upon the nature of the offense to which the defendant is pleading. *State v. Milano*, 2018-Ohio-1367, ¶ 8 (9th Dist.), quoting *State v. Smith*, 2016-Ohio-3496, ¶ 6 (9th Dist.). When a misdemeanor case involves a serious offense, the trial court must address the defendant personally, inform the defendant of the effect of the plea, determine that the defendant is making the plea voluntarily, and, if unrepresented, address the defendant's right to counsel. *Id.*, citing Crim.R. 11(D). On the other hand, if the offense is a petty offense, the trial court is only required to inform the defendant "of the effect of the plea of . . . no contest . . . ." Crim.R. 11(E). *See also Milano* at ¶ 8. A misdemeanor that is a "[s]erious offense" can be punished by confinement for more than six months. Crim.R. 2(C). All other misdemeanors are petty offenses. Crim.R. 2(D).

{¶6} The aggravated menacing and domestic violence charges to which Mr. Geitgey pleaded no contest are first-degree misdemeanors, which are punishable by no more than 180 days in jail. R.C. 2929.24(A)(1). Consequently, Rule 11(E) required the trial court to inform Mr. Geitgey "of the effect of [his] plea . . . ." To comply with this requirement, the trial court was required to inform him that his no-contest plea "[was] not an admission of [his] guilt, but [was] an admission of the truth of the facts alleged in the indictment, information, or complaint," and that "the plea or admission shall not be used against [him] in any subsequent civil or criminal proceeding." Crim. 11(B)(2). *See generally State v. Jones*, 2007-Ohio-6093, ¶ 21-26 (explaining that the phrase "the effect of the plea" is defined with reference to Crim.R. 11(B)). This requirement is not constitutional. *Id*. at ¶ 52. Consequently, only substantial compliance is required. *State v. McKnight*, 2023-Ohio-1933, ¶ 11 (9th Dist.).

{¶7} During Mr. Geitgey's change of plea, the trial court informed him that "a no contest plea, while not a formal admission of guilt, admits to the facts in a criminal complaint, stating the facts support the charge of finding guilty will be entered [*sic*]." The trial court also told him that by pleading no contest, he would be waiving the right to cross-examine the State's witnesses and subpoena witnesses of his own, to remain silent, and to require the State to prove the charges against him beyond a reasonable doubt. The trial court did not tell him that a plea of no contest could not be used against him in future proceedings, but Mr. Geitgey has not argued that his plea was invalid on this basis. Instead, Mr. Geitgey maintains that his plea was not knowing, intelligent, and voluntary because he did not plead with the understanding that he could be sentenced to jail.

{¶8} As noted above, the record reflects that the trial court substantially informed Mr. Geitgey of the effect of his no-contest pleas required by Rule 11(E). *See State v. Brown*, 2021-Ohio-3443, ¶ 8-9 (9th Dist.). The record also reflects that the State requested a presentence

investigation and the parties represented that the plea agreement provided only for one charge to be dropped in exchange for Mr. Geitgey's plea to the remaining two. During sentencing, the State did not make recommendations about sentencing, but defense counsel advocated for a period of community control without further jail time. When Mr. Geitgey voiced his objection to his sentence, counsel reminded him that "[t]he agreement was . . . you were going to enter a plea and ask for time served." The State reiterated that there had been no agreement about the potential sentence. The trial court extended an opportunity to withdraw the plea to Mr. Geitgey, but the record does not reflect that he did so.

{¶9} Although it is clear from the record that Mr. Geitgey did not expect to be sentenced to jail, the totality of the circumstances demonstrates that his plea was knowing, intelligent, and voluntary. Mr. Geitgey's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY FAILING TO EXPLICITLY AFFORD THE VICTIM THE RIGHT TO BE HEARD ORALLY, IN WRITING, OR BOTH, AT THE SENTENCING HEARING, IN VIOLATION OF ARTICLE I, SECTION 10A OF THE OHIO CONSTITUTION.

{¶10} Mr. Geitgey's second assignment of error argues that the trial court erred by failing to address the victims' rights arising under Marsy's Law during sentencing.

{¶11} Marsy's Law, codified in Article 1, Section 10a(A)(3), of the Ohio Constitution, grants victims of crime the right "to be heard in any public proceeding involving . . . sentencing. . . ." The rights guaranteed to victims, including the right to be heard at sentencing, may be asserted by "[t]he victim, the attorney for the government upon request of the victim, or the victim's other lawful representative. . . ." Ohio Constitution, Article 1, §10a(B). *See also* R.C. 2930.19(A)(1) (identifying the individuals who have standing to assert rights on behalf of a victim). "If the relief sought is denied, the victim or the victim's lawful representative may petition the court of appeals

for the applicable district, which shall promptly consider and decide the petition." *Id*. *See also* R.C. 2930.19(A)(2)(b)(i).

{¶12}  A defendant cannot raise the failure to afford a right to a victim in an assignment of error on appeal "in any legal argument to provide an advantage to that defendant . . . ." R.C. 2930.19(F).  Mr. Geitgey has argued the record of sentencing is silent on the victim's rights.  Under Revised Code Section 2930.19(F), however, Mr. Geitgey cannot assert the victim's rights "in any legal argument to provide an advantage" to himself.  Mr. Geitgey's second assignment of error is, therefore, overruled.

III.

{¶13}  Mr. Geitgey's assignments of error are overruled.  The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

FLAGG LANZINGER, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

YU MI KIM-REYNOLDS, Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and JOSEPH F. SALZGEBER, Assistant Prosecuting Attorney, for Appellee.